NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar Number 13644
PHILLIP N. SMITH, JR.
Nevada Bar Number 10233
CHRISTOPHER BURTON
Nevada Bar Number 12940
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-5087
Phillip.N.Smith@usdoj.gov
Christopher.Burton4@usdoj.gov

*Representing the United States*

____FILED ____RECEIVED
____ENTERED ____SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 28 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:________________ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DAVID NAKAMA OANCEA, AKA "VEGAS DAVE,"

Defendant.

CASE NO: 2:17-cr-00116-JAD-CWH

PLEA AGREEMENT UNDER FED. R. CRIM. P. 11 (c)(1)(A) and (B)

Plaintiff United States of America, by and through DAYLE ELIESON, United States Attorney, and Phillip N. Smith, Jr. and Christopher Burton, Assistant United States Attorneys, the defendant DAVID NAKAMA OANCEA, and the defendant's attorneys, David Chesnoff, Esq., and Richard Schonfeld, Esq., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

## I. SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and DAVID NAKAMA OANCEA (the defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada but does not preclude the

United States Attorney's Office for the District of Nevada from pursuing any and all civil forfeiture in rem actions against the defendant. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, and restitution. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. Guilty Plea. The defendant knowingly and voluntarily agrees to plead guilty to a Superseding Criminal Information charging him with the following misdemeanor violation:

*Causing a Violation of Recordkeeping and Procedures,* in violation of 12 U.S.C. §§ 1956 and 1953.

The United States will move to dismiss the indictment against the defendant after the imposition of sentence. Further, the defendant also agrees to the forfeiture of the property set forth in this Plea Agreement.

B. Waiver of Trial Rights. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6. The right to have the assistance of an attorney at all stages of such proceedings.

C. Withdrawal of Guilty Plea. The defendant will not seek to withdraw his guilty plea after he has entered it in court.

D. Additional Charges. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States, except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

## III. ELEMENTS OF THE OFFENSE

Count 1: The elements of *Causing a Violation of Recordkeeping and Procedure* under 12 U.S.C. §§ 1953 and 1956 are:

a. From February 2015 to February 2016, the Wynn Casino and the Westgate

Casino, uninsured domestic financial institutions, were required by the Secretary of the Treasury, pursuant to his authority under Title 12 of the United States Code, to retain and maintain records and evidence for financial transactions over $10,000 which determined the real party in interest for whom the transaction was being conducted.

b. On or about the dates stated in the information, the defendant knowingly and willfully caused the Wynn Casino and the Westgate Casino to fail to maintain and retain, with respect to their functions, true and accurate records or evidence of the real party in interest for a financial transaction defendant conducted in an amount over $10,000.

## IV. FACTS SUPPORTING GUILTY PLEA

A. The defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B. The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right to seek forfeiture for approximately $551,318.20. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense(s).

C. The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D. The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

Between February 6, 2015, and February 3, 2016, the defendant, DAVID NAKAMA OANCEA, conducted financial transactions at the Wynn Casino and the Westgate Casino totaling approximately $1,276,454.00.[1] Pursuant to regulations issued by the Secretary of the Treasury, the Wynn Casino and the Westgate Casino were obligated to fill out and file with the IRS a FinCen Form 103, Currency Transaction Report by Casinos, in connection with transactions greater than $10,000.00. Section A of Form 103 required the Wynn Casino and the Westgate Casino to provide information on the person or entity on whose behalf the transaction was conducted, and Section B required information on the individual conducting the transaction. The defendant willfully did not advise the Wynn Casino and the Westgate Casino that he was conducting the transaction under a social security number that did not belong to him. By not providing that information to the Wynn Casino and the Westgate Casino, the defendant caused the Wynn Casino and the Westgate Casino to fail to comply with the requirements of Form 103, which required proper maintenance and retention of records and evidence of the real party in interest for such financial transactions. A casino is a domestic financial institution as defined in Title 31, United States Code, Section 5312(a)(2) and is not an insured bank or financial institution.

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty plea, the facts set forth

[1] For purposes of the applicable Sentencing Guideline calculations, the parties agree the loss table contained in USSG § 2B1.1(b)(1) is not applicable. The Defendant is not admitting that the "loss" in this case would be $1,276,454.00, nor admitting that the amount to be forfeited ($551,318.20) is a "loss" under USSG § 2B1.1(b)(1).

in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. Discretionary Nature of Sentencing Guidelines. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B. Offense Level Calculations. The parties agree that the most applicable guidelines section to defendant's criminal conduct is U.S.S.G. Section 2B1.1, which is the applicable section for violations of Title 18, United States Code, Section 1001, which concerns false statements to government officials. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

| | |
|---|---|
| Base Offense Level, USSG § 2B1.1(a)(2): | 6 |
| Reductions:<br>If applicable, a reduction for acceptance of responsibility, USSG § 3E1.1 | -2 |

Adjusted Offense Level: 4

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions. The parties agree not to seek to apply any other specific offense characteristics or reductions.

C. Reduction of Offense Level for Acceptance of Responsibility. Under USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

D. Criminal History Category. The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. Relevant Conduct. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. Additional Sentencing Information. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

## VII. APPLICATION OF SENTENCING STATUTES

A. Maximum Penalty. The maximum penalty for a violation of Title 12, United States Code, Sections 1953 and 1956, *Causing a Violation of Recordkeeping and Procedure*, is a fine of not more than $1,000 or imprisonment of up to one year, or both. The Court can also impose up to a five-year term of supervised probation in lieu of imprisonment.

B. Factors Under 18 U.S.C. § 3553. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C. Parole Abolished. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D. Supervised Release. In addition to imprisonment and a fine, the defendant may be subject to a term of supervised release not to exceed one year. 18 U.S.C. § 3583(b). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of one (1) year.

E. Special Assessment. The defendant will pay a $25.00 special assessment per count of conviction at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

The parties will jointly recommend that the defendant be sentenced to a period of supervised probation. Further, the defendant agrees he shall forfeit $551,318.20 to the United States pursuant to a Settlement Agreement for Entry of Judgement of Forfeiture as to David Oancea in the civil *in rem* action *United States of America v. $53,550 in United States Currency; $267,818.20 in United States Currency; and $221,000 in United States Currency*. The defendant acknowledges that the Court does

not have to follow these recommendations. Notwithstanding its agreement to recommend to a probationary sentence, the United States and the defendant reserve their rights to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant agrees he will not ask for less than a three-year term of supervised probation. The defendant also agrees he will not file a motion seeking early termination of supervised probation, regardless of the length of probation imposed.

## IX. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## X. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. Plea Agreement and Decision to Plead Guilty. The defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

(2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. Waiver of Appeal and Post-Conviction Proceedings. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C. Removal/Deportation Consequences. The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XI. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any

force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

NICHOLAS A. TRUTANICH,
United States Attorney

DATE 1/28/19

CHRISTOPHER BURTON
Assistant United States Attorney

DATE 1/28/19

RICHARD SCHONFELD, ESQ.
Counsel for the Defendant OANCEA

DATE 1-28-19

DAVID NAKAMA OANCEA
Defendant